# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| CANDACE LYNNE ALIKHAN,<br><br>Plaintiff,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC, NORTHWEST TRUSTEE SERVICES, INC., FIRST AMERICAN TITLE INSURANCE COMPANY, E*TRADE BANK,<br><br>Defendants. | CV-12-06-BU-DLC-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Before the Court is a motion to dismiss filed by Defendant Bayview Loan Servicing, LLC ("Bayview"). *DKT 7*. For the reasons discussed below, the undersigned recommends that the motion be granted and that the Court dismiss this entire action without prejudice.

## I. BACKGROUND

On January 20, 2012, *pro se* Plaintiff Candace Lynne Alikhan ("Alikhan") filed this action. *Cmplt. (DKT 1)*. In her Complaint, Alikhan twice listed her address as "8 Happy Trails, Big Sky, Montana

59716." *Id. at 23 and 24*. She included with her Complaint, however, a separate, one-page "LETTER OF INSTRUCTION" in which she requested that the Clerk of Court "mail a stamped copy of [her] filing to ... 645 Quinn David Lane, Bozeman, Montana 59701." *DKT 1-1*.

On January 25, 2012, the Clerk of Court ("Clerk") mailed to Alikhan at both the Happy Trails and Quinn David Lane addresses three documents: (1) a "Notice of Case Opening" that the Clerk sends to pro se litigants with case management information; (2) a letter from the Clerk seeking clarification of Alikhan's address for purposes of service; and (3) a notice advising Alikan of the opportunity to consent to the exercise of jurisdiction by a United States Magistrate Judge. *DKTs 2, 2-1, and 3*.

On January 30, 2012, and February 2, 2012, respectively, the U.S. Postal Service returned to the Clerk all of the documents sent to the Happy Trails address because of "no mail receptacle" and advised that it was "unable to forward" the mail. *DKTs 4 and 5*.

On June 8, 2012, Bayview filed a Notice of Limited Appearance, a motion to dismiss and a supporting brief. *DKTs 6, 7 and 8*.

2

On July 9, 2012, the Court issued an Order to Show Cause because Alikhan had failed to file proof of service within 120 days of filing her Complaint. *DKT 13*. The Court directed Alikhan to "appear, in writing, on or before July 16, 2012, to show cause, if any, why this case should not be dismissed for failure to effect service as required by Fed. R. Civ. P. 4(m) and also to show cause why Bayview's motion [to dismiss] should not be deemed well-taken for Alikhan's failure to respond." *Id. at 3*.

On July 16, 2012, Alikhan filed a response to the Court's Order to Show Cause. *DKT 14*. Alikhan's response was a single page and did not include proof of service of process as required by Local Rule 4.3 or otherwise comply with the Court's Order to Show Cause.

On July 20, 2012, the Court issued a second Order, again noting Alikhan's failure to file proof of service as required. *Order (DKT 16) at 1-4*. The Court instructed Alikhan that, even as a pro se litigant, she "must follow the same rules of procedure that govern other litigants." *Id. at 4* (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) and citing Local Rule 83.8(a)). The Court also: (1) afforded Alikhan

additional time to file a response to Bayview's motion to dismiss; (2) directed Alikhan to file a notice providing the Court and Defendants a correct mailing address for service; and (3) directed the Clerk to provide Alikhan with copies of Bayview's motion and supporting brief. *Id*.

On August 1, 2012, Alikhan filed a motion for an extension of time to respond to Bayview's motion to dismiss. *DKT 18*. In it, she advised that her new service address is "24 Southern Cross Drive, Surfers Paradise, Queensland 4217, Australia." *Id*.

On August 2, 2012, the Court issued a third order, noting:

> . . . The Court had previously granted Plaintiff an extension to August 3, 2012. *DKT 16*.
>
> As Plaintiff has been previously advised, *pro se* parties are governed by the same rules of procedure as represented litigants. *See DKT 16 (citing King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 83.8(a)). Plaintiff's current motion fails to comply with numerous rules of procedures, including:
>
> > (1) failure to state in the text of the motion that other parties have been contacted and whether any party objects to the motion. *L.R. 7.1(c)(1);*
> > (2) failure to submit a proposed order. *L.R. 7.1(c)(3);*
> > (3) failure to follow the required form for documents. *L.R. 1.5(a)*.

4

> Nonetheless, the Court will grant Plaintiff the requested extension of time to respond to Bayview's motion to dismiss. No further extensions of time will be granted. Compliance with rules of procedure is required. These rules are designed to provide a fair process to all litigants. The Local Rules are available at: http://www.mtd.uscourts.gov/pdf/Local%20Rules%20-%20December%202011.pdf. The Federal Rules of Civil Procedure are available at: http://www.law.cornell.edu/rules/frcp/?

*DKT 19 at 1-2.* The Court afforded Alikhan until August 30, 2012, to file a response brief to Bayview's motion. *Id. at 3.* Alikhan's response was filed on that date. *DKT 20.*

## II. **DISCUSSION**

### A. **Bayview's Motion to Dismiss**

#### 1. **Parties' Arguments**

Bayview moves for dismissal under Rules 4(c)(1), 12(b)(4), and 12(b)(5).[1] *DKT 7 at 2; Bayview's Br. (DKT 8) at 3-7.* It argues that Alikhan did not serve it with either a summons or a copy of her Complaint. *Bayview's Br. (DKT 8) at 2, 4-6.* Instead, Bayview notes, it was provided a copy of Alikhan's Complaint by another defendant. Because it was not served, Bayview argues, Alikhan has failed to

---

[1] References to rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

5

comply with applicable rules and dismissal is appropriate. *Id.* at 6-7.

In response, Alikhan argues that "proper service was made to all Defendants in this matter." *Alikhan's Resp. Br. (DKT 20) at 1* (emphasis omitted). She argues that Bayview has admitted that it received a copy of the Complaint and confirmed this admission by filing its motion to dismiss. *Id.* Alikhan also included with the filing of her response brief a copy of the certificate of service she claims to have sent via US Mail with her Complaint to each named Defendant. *Id.* at 4.

2. **Discussion**

Rule 4 governs service of process in federal court and specifies: (1) required content in a summons; (2) who may serve process; and (3) how process is to be served. It provides, in pertinent part:

Rule 4. Summons

(a) Contents; Amendments.
    (1) Contents.
    A summons must:
        (A) name the court and the parties;
        (B) be directed to the defendant;
        (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
        (D) state the time within which the defendant must appear and defend;
        (E) notify the defendant that a failure to appear and

>   defend will result in a default judgment against the
>   defendant for the relief demanded in the complaint;
>   (F) be signed by the clerk; and
>   (G) bear the court's seal.
>  (2) Amendments.
>  The court may permit a summons to be amended.
>
> (b) Issuance.
> On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.
>
> (c) Service.
>>  (1) In General.
>>  A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>>  (2) By Whom.
>>  Any person who is at least 18 years old and not a party may serve a summons and complaint.
>>  (3) By a Marshal or Someone Specially Appointed.
>>  At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Rule 4(m) also provides that the summons and complaint must be served within 120 days after the complaint is filed, unless the plaintiff

is able to show "good cause" why process could not be served within that time. Rule 4(m). If a plaintiff fails to show good cause, the Court must either dismiss the case without prejudice or direct that service be accomplished within a new specified time. *Id*.

Service of process under Rule 4 "is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. U.S.*, 517 U.S. 654, 672 (1996) (citations omitted). Although the Ninth Circuit Court of Appeals has described Rule 4's service requirements as "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (discussing requirements for perfecting service against a corporation under Fed. R. Civ. P. 4(d)(3)), it also has noted that a party's "failure even to attempt to comply with Rule 4 is no 'minor defect' that can be remedied by actual notice." *SEC v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) (citation omitted). The court explained:

8

> Without a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process. .... Mere contacts with the jurisdiction, even when coupled with some kind of actual notice, are not sufficient to invest the district court with *in personam* jurisdiction over a party-in-interest. ...(I)n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served. *See* Fed. R. Civ. P. 4(k).

The Court's record indicates that Alikhan has not attempted to comply with Rule 4. First, the record contains no mention that she requested a summons for any defendant. Second, there is no indication that either the Complaint or a summons was personally served upon any of the defendants. Third, there is no mention that Alikhan filed proper proof of service upon any defendant, as Local Rule 4.3 and Fed. R. Civ. P. 4(l)(1) require. Finally, Alikhan failed to comply with Rule 4(m)'s 120-day requirement, and failed to comply with the Court's Order to Show Cause for her failure to do so.

Although it is true that Bayview apparently received what has been represented to be a copy of the Complaint from another defendant, there is no showing that Bayview or any other defendant was served

9

with a summons. Rule 4 requires that both the summons and complaint be served. The Court cannot excuse Alikhan from Rule 4's requirements here, where the Court already has twice advised Alikhan that all parties must adhere to the rules of procedure and cited to her the applicable rules for service of process. Despite the passage of over ten months since her Complaint was filed and over three months since she was first advised of the applicable rules, it appears she has made no attempt to comply.

Rules 12(b)(4) and (5) permit defendants to challenge the form or content of summons and the method of service a plaintiff attempts, respectively. Alikhan, as the party claiming proper service has been effected, bears the burden of proving the validity of service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). She has failed to meet her burden of proof. Consequently, her Complaint is subject to dismissal and the Court will recommended that Bayview's motion to dismiss be granted, without prejudice.

B. <u>Remaining Defendants</u>

Alikhan has failed to show good cause for her failure to serve the

other named defendants within Rule 4(m)'s 120-day period. Rule 4(m) provides that, under these circumstances, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice or order that service be made within a specified time." Alikhan has been given ample notice of the requirements of the rules and ample time to comply, but has failed to respond accordingly. For these reasons, the Court will recommend that this action be dismissed, without prejudice, to the extent it is brought against Northwest Trustee Services, Inc., First American Title Insurance Company, and E*Trade Bank.

## III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Bayview's motion to dismiss (*DKT 7*) be GRANTED, without prejudice, and that, with respect to all other named Defendants, this action be DISMISSED, without prejudice.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that

pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 1st day of November, 2012.

/S/ Carolyn S. Ostby<br>United States Magistrate Judge